IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GABRIEL ROSA-DIAZ, | ) | |
|---|---|---|
| Plaintiff | ) | Case No. 1:17-cv-00152 (Erie) |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| SGT. GATTO, ET AL., | ) | UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) | |
| | ) | ORDER ON MOTIONS |
| | ) | ECF NO. 34; ECF NO. 35 |

Before the Court are two motions filed by Plaintiff Gabriel Rosa-Diaz: a motion for a stay in these proceedings pending further discovery (ECF No. 34) and a motion seeking the appointment of counsel (ECF No. 35). Having considered both motions, it is ordered as follows:

1. Plaintiff's Motion for a Temporary Stay (ECF No. 34) is construed as a motion seeking to reopen the discovery period, which closed in this case on January 23, 2019. *See* ECF No. 26. As so construed, the motion is **dismissed without prejudice**. Plaintiff may file a motion asking to reopen discovery within fourteen days of the date of this order. If such a motion is filed, Plaintiff must explain why he did not pursue discovery during the period of time set out by prior order of this Court; what specific discovery he needs and why; and lastly, Plaintiff must suggest a reasonable time period in which to accomplish his requested discovery. The Court notes that any motion for summary judgment is to be filed by March 4, 2019.

2. Plaintiff's has filed a Motion for Appointment of Counsel (ECF No. 35). This is the second request for the appointment of counsel by the Plaintiff. See ECF No. 19. Inasmuch as nothing has materially changed in his case since his first request for counsel and this Court's ruling on that motion (ECF No. 20), the second request is denied without prejudice. Plaintiff may renew his request for counsel at a later stage in these proceedings should he wish to do so.

1

3. **Notice**: the parties may serve and file objections to this order within 14 days of the date of this order with the District Judge. *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing Fed. R. Civ. P. 72(a)). Objections must specifically identify the portions of this Order to which objections are made and the basis for such objections. If a party objects to this order, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). If no party objects to this Order, it becomes binding "unless the district court takes some action to overrule it." *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987). Furthermore, "party's failure to object to a magistrate's ruling waives the party's objection." *Id.* at 1006.

So ordered.

/s/ Richard A. Lanzillo
United States Magistrate Judge

Entered this 26th day of February, 2019.